[989 NYS2d 860]

In the Matter of GLEN D. HIRSCH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 30, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Carolyn Mazzu Genovesi* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated October 23, 2013, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), based upon his failure to cooperate with the Grievance Committee for the Tenth Judicial District; the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated August 5, 2013, which contained four charges of professional misconduct alleging that the respondent failed to cooperate with the Committee; the respondent was directed to serve and file an answer to the verified petition within 20 days of service of the decision and order on motion upon him; and the issues raised by the verified petition, and any answer thereto, were referred to Norma Giffords, Esq., as Special Referee, to hear and report.

On November 6, 2013, the respondent was personally served, inter alia, with this Court's decision and order on motion dated October 23, 2013. In the interim, i.e., between August 5, 2013 (the date of the verified petition), and October 23, 2013 (the date of this Court's decision and order on motion), and thereafter, the Grievance Committee received five notices from the Lawyers' Fund for Client Protection pertaining to checks drawn on the respondent's escrow account that had been returned for insufficient funds. The Grievance Committee thereupon opened five new complaints against the respondent. However, he failed to answer.

Several months have elapsed since the respondent was personally served with the decision and order on motion of this Court dated October 23, 2013. However, the respondent has failed to serve and file an answer to the verified petition dated August 5, 2013, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SKELOS, DILLON and LOTT, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Glen D. Hirsch, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Glen D. Hirsch, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Glen D. Hirsch, a suspended attorney, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Glen D. Hirsch, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).